NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

YESENIA OLIVA MOLINA; ULISES
GONZALEZ ACEVEDO; ULISES
GONZALEZ OLIVA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1973

Agency Nos.
A208-602-607
A208-924-684
A207-010-831

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2025
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Ulises Gonzalez Oliva and his parents, Yesenia Oliva Molina and Ulises

Gonzalez Acevedo (collectively, Petitioners), are natives and citizens of Mexico.

They petition for review of a decision of the Board of Immigration Appeals (BIA)

affirming a decision of an Immigration Judge (IJ) denying their applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petitions.[1]

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). We review legal questions de novo and factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Substantial evidence is a "highly deferential" standard under which "we must accept the BIA's factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020); 8 U.S.C. § 1252(b)(4)(B)).

1. We reject Petitioners' challenge to the involvement of temporary Appellate Immigration Judge (TAIJ) Noferi in the adjudication of Petitioners' applications. Petitioners have standing to challenge the appointment of TAIJ Noferi. *See Bridges v. Wixon*, 326 U.S. 135, 153 (1945) ("[O]ne under investigation with a view to deportation is legally entitled to insist upon the

---

[1] Petitioners do not challenge the denials of relief under CAT and have therefore forfeited this issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended).

observance of rules promulgated by the Secretary pursuant to law." (quoting *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 155 (1923))). Petitioners' argument, however, fails because the Attorney General properly appointed TAIJ Noferi under 8 U.S.C. § 1103(g)(1). The regulation Petitioners rely upon to challenge TAIJ Noferi's appointment, 8 C.F.R. § 1003.1(a)(4) (2022), makes no mention of the Attorney General and does not limit the Attorney General's appointment power.

2. Substantial evidence supports the BIA's conclusions that Gonzalez Oliva did not demonstrate that he had a political opinion or that *Los Pelones* imputed one to him. Petitioners point to Gonzalez Oliva's refusal to work for *Los Pelones* and the community service he did with his school and friends to aid community self-defense groups, arguing that these are evidence of his political opinion. The record, however, does not compel the conclusion that these acts demonstrate anything more than "a general aversion to gangs." *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). Petitioners also argue that *Los Pelones* imputed a political opinion to Gonzalez Oliva and threatened him because of this opinion. But the record supports the BIA's conclusion that *Los Pelones* was interested in Gonzalez Oliva for his ability to speak English.

3. Substantial evidence supports the BIA's conclusion that Oliva Molina and Gonzalez Acevedo failed to show a nexus between their familial relationship with

their son, Gonzalez Oliva, and their persecution by *Los Pelones*. The record supports the BIA's conclusion that Oliva Molina's brief interaction with *Los Pelones* appears to be a product of *Los Pelones* searching for Gonzalez Oliva and not necessarily an effort to persecute Oliva Molina due to her family ties. The record also supports the conclusion that the threats against Gonzalez Acevedo were motivated by *Los Pelones*' desire to find Gonzalez Oliva. The threats do not compel the conclusion that familial-based animus was "a central reason" or "a reason" for the persecution. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (quoting *Garcia*, 988 F.3d at 1143, 1146).

4. Petitioners concede that they failed to preserve their claim that the IJ improperly introduced evidence at their hearing. The BIA appropriately refrained from reviewing the unpreserved evidentiary claim. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019). The cases Petitioners cite do not suggest that we may now review this unpreserved claim. We accordingly dismiss this portion of the petitions.

**PETITIONS DENIED IN PART AND DISMISSED IN PART.**[2]

---

[2] The Government's motion for judicial notice (Dkt. No. 40) is **GRANTED**. Petitioners' motion to remand (Dkt. No. 63) is **DENIED**. The temporary stay of removal remains in place until the mandate issues.